**UNITED STATES of America,**
**Appellee,**

v.

**Carlos SIMPSON and Michael Smith,**
**Defendants–Appellants.**

Nos. 05–6818–cr(L), 06–0437–cr(Con).

United States Court of Appeals,
Second Circuit.

May 31, 2007.

Cheryl J. Sturm, Chadds Ford, PA, for Defendant–Appellant Michael Smith.

Barry Turner, New York, NY, for Defendant–Appellant Carlos Simpson.

Reta Glavin and Brenda K. Sannes, Assistant United States Attorneys, (Michael Garcia, United States Attorney, and Harry Sandwick, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee United States of America.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges, and RICHARD W. GOLDBERG *, Judge.

## SUMMARY ORDER

Defendants Carlos Simpson and Michael Smith Appeal from judgments of conviction entered by the District Court on December 8, 2005 and January 25, 2006, respectively. Defendants were convicted, after a jury trial, of participating in a conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(D); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Defendant Smith was convicted of an additional count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

On appeal, defendant Smith argues that (1) the District Court erred in considering evidence seized by police from the apartment in which Smith and Simpson were arrested because the evidence was seized without a warrant in violation of the Fourth Amendment; and (2) insufficient evidence supported his convictions. Defendant Simpson argues that (1) the District Court erred in denying his request to charge the jury regarding the availability of an "innocent possession" defense to the crime of possession of a firearm in furtherance of a drug trafficking crime under § 924(c); and (2) the District Court erred in not requiring the jury to determine which defendant possessed which guns under § 924(c).

Upon considering each of defendants' arguments, we find them to be without merit. Accordingly, the judgments of the District Court are hereby **AFFIRMED.**